Cite as 2024 Ark. App. 102

# ARKANSAS COURT OF APPEALS

DIVISIONS I, II and IV

No. CV-22-425

| | |
|---|---|
| | **Opinion Delivered** February 14, 2024 |
| MATTHEW FORREST<br>APPELLANT | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. 58DR-18-85] |
| V. | |
| | HONORABLE DENNIS CHARLES SUTTERFIELD, JUDGE |
| ALLYSSA THOMLINSON<br>APPELLEE | REVERSED AND REMANDED |

## STEPHANIE POTTER BARRETT, Judge

Appellant Matthew Forrest ("Matthew") appeals the Pope County Circuit Court's dismissal of the paternity suit between him and Alyssa Thomlinson (later Fleming) ("Alyssa") upon the grant of an adoption of the children by Alyssa's husband, Buck Fleming, in a case relating to the children subject of the paternity suit. The decision in the companion adoption case, which is being reversed in an opinion handed down today, *see Forrest v. Fleming*, 2024 Ark. App. 104, ___ S.W.3d ___, mandates that the dismissal of the paternity case also be reversed and remanded for reinstatement.

This paternity action, filed on February 22, 2018, involves Allyssa and Matthew, who were never married, and their two biological children, MC1, born January 1, 2007, and MC2, born September 2, 2008. Matthew and Allyssa were in an on-again, off-again relationship until December 2017. Allyssa filed her petition for paternity, and Matthew answered, admitting paternity and asking the circuit court to set child support. Matthew

also filed a counterclaim asking the circuit court to set visitation. On September 23, 2020, Alyssa and Buck Flemming filed a petition for adoption requesting that Buck be allowed to adopt the children without Matthew's consent.

On December 13, 2021, the court found that Matthew is the biological father of MC1 and MC2 but reserved the issues of child support and visitation. The adoption case was heard on December 17, 2021. After taking testimony, the court granted the adoption by Buck Fleming of MC1 and MC2 and, at the same time, terminated Matthew's parental rights. The court dismissed the paternity action on the grounds that Matthew's parental rights had been terminated in the adoption case. Because the adoption decision is reversed in *Forrest v. Fleming*, 2024 Ark. App. 104, ___ S.W.3d ___, which was the basis for the dismissal of the paternity action, this case must also be reversed and remanded for reinstatement.

Reversed and remanded.

ABRAMSON, VIRDEN, GLADWIN, and BROWN, JJ., agree.

HARRISON, C.J., and KLAPPENBACH, GRUBER, and THYER, JJ., dissent.

**BRANDON J. HARRISON, Chief Judge, dissenting**. Because I dissent in *Forrest v. Fleming*, 2024 Ark. App. 104, ___S.W.3d ___, and would affirm the circuit court's adoption decree, I would also affirm the circuit court's dismissal of the paternity action. Therefore, I dissent.

KLAPPENBACH, GRUBER, and THYER, JJ., join.

*Debra Reece Johnson*, for appellant.

*LaCerra, Dickson, Hoover & Rogers, PLLC*, by: *Lauren Hoover*, for appellee.